TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DENNIS MITCHELL (Cal. Bar No. 116039)
ERIK M. SILBER (Cal. Bar No. 190534)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2484/894-2231
     E-mail:   dennis.mitchell@usdoj.gov
               erik.silber@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>CHRISTOPHER JARAMILLO,<br><br>       Defendant. | No. CR 15-361(A)-JGB<br><br>AMENDED PLEA AGREEMENT FOR<br>DEFENDANT CHRISTOPHER JARAMILLO |

    1.   This constitutes the plea agreement between Christopher Jaramillo ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts seven and

eight of the first superseding indictment in <u>United States v. Christopher Jaramillo</u>, CR No. 15-361(A)-JGB, which charges defendant with knowing discharge of a water pollutant, in violation of 33 U.S.C. §§ 1317(d), 1319(c)(2)(A).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h. Recommend that, as part of his sentence, defendant be jointly and severally liable for any fine that the Court imposes upon co-defendant Starlite Reclamation Environmental Services, Inc.

<u>THE USAO'S OBLIGATIONS</u>

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

2

1          c.   At the time of sentencing, move to dismiss the

2    remaining counts of the first superseding indictment as against

3    defendant.  Defendant agrees, however, that at the time of sentencing

4    the Court may consider any dismissed charges in determining the

5    applicable Sentencing Guidelines range, the propriety and extent of

6    any departure from that range, and the sentence to be imposed.

7          d.   At the time of sentencing, provided that defendant

8    demonstrates an acceptance of responsibility for the offenses up to

9    and including the time of sentencing, recommend a two-level reduction

10   in the applicable Sentencing Guidelines offense level, pursuant to

11   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

12   additional one-level reduction if available under that section.

13         e.   Recommend that defendant be sentenced to a term of

14   imprisonment no higher than the low end of the applicable Sentencing

15   Guidelines range, provided that the offense level used by the Court

16   to determine that range is 18 or higher and provided that the Court

17   does not depart downward in offense level or criminal history

18   category.  For purposes of this agreement, the low end of the

19   Sentencing Guidelines range is that defined by the Sentencing Table

20   in U.S.S.G. Chapter 5, Part A, without regard to reductions in the

21   term of imprisonment that may be permissible through the substitution

22   of community confinement or home detention as a result of the offense

23   level falling within Zone B or Zone C of the Sentencing Table.

24                        NATURE OF THE OFFENSE

25   4.   Defendant understands that for defendant to be guilty of

26   the crime charged in counts seven and eight, that is, knowing

27   discharge of a water pollutant in violation of pretreatment standard,

28   in violation of Title 33, United States Code, Sections §§ 1317(d),

3

1319(c)(2)(A), the following must be true: (1) on or about the date charged in counts seven and eight, defendant, who was the owner or operator of a source, operated the source, or caused the source to be operated, in such a manner as to discharge a pollutant; (2) the pollutant was discharged into a publicly-owned treatment works; (3) the discharge violated a pretreatment standard after the effective date of that standard; (4) the defendant had knowledge of the facts that gave rise to the foregoing violations; (5) defendant had the authority and capacity to prevent the foregoing violations; and (6) defendant failed to prevent the foregoing violations.

PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 33, United States Code, Sections 1317(d), 1319(c)(2)(A) is: three years imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.   In the event that defendant is not sentenced to a term of imprisonment, the statutory maximum sentence that the Court can impose for each violation of Title 33, United States Code, Sections 1317(d), 1318(c)(2)(A) is: a term of five-year term of probation, a fine of not less than $5,000 and not more than the greater of $250,000 or twice the gross gain or gross loss resulting from the offense whichever is greatest; and a special assessment of $100.

6.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 6 years imprisonment; a one-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the

offenses, whichever is greatest; and a mandatory special assessment of $200.  In the event that defendant is not sentenced to a term of imprisonment, the statutory maximum sentence that the Court can impose for all offenses to which defendant is pleading guilty is: a five-year term of probation, a fine of not less than $10,000 and not more than the greater of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a special assessment of $200.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

1   unanticipated collateral consequences will not serve as grounds to

2   withdraw defendant's guilty pleas.

3       9.   Defendant understands that, if defendant is not a United

4   States citizen, the felony conviction in this case may subject

5   defendant to: removal, also known as deportation, which may, under

6   some circumstances, be mandatory; denial of citizenship; and denial

7   of admission to the United States in the future.  The court cannot,

8   and defendant's attorney also may not be able to, advise defendant

9   fully regarding the immigration consequences of the felony conviction

10  in this case.  Defendant understands that unexpected immigration

11  consequences will not serve as grounds to withdraw defendant's guilty

12  pleas.

13                              FACTUAL BASIS

14      10.  Defendant admits that defendant is, in fact, guilty of the

15  offenses to which defendant is agreeing to plead guilty.  Defendant

16  and the USAO agree to the statement of facts provided below and agree

17  that this statement of facts is sufficient to support pleas of guilty

18  to the charges described in this agreement and to establish the

19  Sentencing Guidelines factors set forth in paragraph 12 below but is

20  not meant to be a complete recitation of all facts relevant to the

21  underlying criminal conduct or all facts known to either party that

22  relate to that conduct.

23      Beginning in or about 2013 and continuing through June 2015, co-

24  defendant Starlite Reclamation Environmental Services, Inc., a

25  corporation located in Fontana, California, ("co-defendant Starlite")

26  engaged in the treatment of wastewater received from other

27  businesses.  As a wastewater treatment facility, co-defendant

28  Starlite was hired to receive and treat other companies' wastewater

                                    6

1    so that the pH level and chemical composition were acceptable for
2    discharge into a publicly owned treatment works ("POTW").

3         In 2013, co-defendant Starlite obtained a permit (the "permit")
4    to discharge treated wastewater so long as the pH of the wastewater
5    effluent was within certain pH limits and so long as co-defendant
6    Starlite monitored and tested its wastewater to make sure that it was
7    in compliance with its discharge limits.

8         Throughout this time period, defendant was the chief executive
9    officer of co-defendant Starlite, and in that capacity, defendant had
10   overall authority and responsibility for co-defendant's wastewater
11   treatment operations and for co-defendant Starlite's compliance with
12   the terms of its operating permit and with the national pre-treatment
13   standard then in effect.  The national pretreatment standard in
14   effect at that time prohibited a source, such as co-defendant
15   Starlite, from, among other things, discharging wastewater with a pH
16   level of less than five into a POTW.

17        Beginning on an unknown date no later than October 14, 2014 and
18   continuing through and including June 4, 2015, employees of co-
19   defendant Starlite knowingly: (1) failed to treat or to sufficiently
20   treat wastewater received from co-defendant Starlite's customers; and
21   (2) discharged the untreated or insufficiently treated wastewater
22   into a drain that flowed to a POTW operated and maintained by the
23   Inland Empire Utilities Agency ("IEUA") and to another POTW operated
24   and maintained by the County Sanitation Districts of Los Angeles
25   County (the "Inland/LA POTW").

26        In May 2014, the IEUA, after conducting an inspection of co-
27   defendant Starlite's facility, issued a Notice of Violation to co-
28   defendant Starlite.  The IEUA cited co-defendant Starlite for not

1    having its pH monitoring system connected and for discharging

2    wastewater with a pH of 5.5.

3         During May 2014, defendant and co-defendant Robert Conn attended

4    a compliance meeting with IEUA representatives.  During that meeting,

5    defendant and co-defendant Conn were told, among other things, that

6    co-defendant Starlite must annotate its pH readings and calibrations

7    on its pH chart recorder paper.  The IEUA also recommended that co-

8    defendant Starlite purchase an extra pH probe for its final effluent

9    pH monitoring system.

10        Subsequently, on or about September 11, 2014, the IEUA conducted

11   another inspection at co-defendant Starlite's facility.  A sample of

12   purportedly treated wastewater taken during this inspection was found

13   to have a pH level of 3.6.  The IEUA inspector also found that co-

14   defendant Starlite's pH meter was not accurately measuring the pH of

15   its treated wastewater.  Consequently, the IEUA issued another notice

16   of violation, citing co-defendant Starlite for the low pH sample and

17   its failure to calibrate its pH meter when required.

18        On or about October 14, 2014, the IEUA conducted another

19   inspection at co-defendant Starlite's facility.  This time, a sample

20   of purportedly treated wastewater revealed a pH level of 4.58.

21   Despite that low pH level, co-defendant Starlite's pH probe for its

22   treated wastewater indicated a pH level of 11.  After placing co-

23   defendant Starlite's pH probe the sample box (where wastewater

24   effluent would be tested for pH level) the inspector found that the

25   pH probe was providing erratic readings.  In addition, the inspector

26   found that approximately four hours of strip chart data, which would

27   document pH levels of wastewater effluent, was missing.

28   Consequently, on October 23, 2014, the IEUA issued another notice of

violation to co-defendant Starlite, citing, among other things, co-defendant Starlite's failure to properly maintain and operate its pre-treatment equipment and its discharge of wastewater in violation of its pH limit.

On or about November 6, 2014, defendant, along with co-defendants Conn and Andrew Hucks, another employee of co-defendant Starlite, attended another compliance meeting with the IEUA.  During this meeting, the IEUA explained that all of co-defendant Starlite's pretreatment equipment had to be operational at all times when co-defendant Starlite discharged wastewater.  In addition, the IEUA warned that untreated wastewater should never be discharged.

After the compliance meeting, co-defendant Starlite continued to knowingly and intentionally discharge untreated and/or insufficiently treated wastewater into a POTW, and each of these discharges were below the pH limit set forth in co-defendant Starlite's permit and the national pretreatment standard.  Specifically, more than 75 samples of wastewater discharged by co-defendant Starlite during the period from on or about November 25, 2014 through on or about June 4, 2015, indicated pH levels well below those limits, including the following discharges: March 6, 2015 (pH level below 3.00) and March 7, 2015 (pH level below 3.0).

In or about November 2014 and continuing to on or about June 4, 2015, defendant knew that employees of co-defendant Starlite were discharging untreated and/or insufficiently treated wastewater into a POTW, and that such discharges were below the pH limit set forth in co-defendant Starlite's permit and the national pretreatment standard.  Moreover, as a corporate officer in a position of responsibility, defendant allowed those discharges to occur during

that period by not taking adequate steps to ensure that the
violations ceased.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crimes of
conviction.

12.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2Q1.3(a) |
| Specific Offense Characteristics (ongoing discharge of hazardous or toxic substance) | +6 | U.S.S.G. § 2Q1.3(b)(1)(A) |
| (disposal in violation of permit): | +4 | U.S.S.G. § 2Q1.3(b)(4) |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.  For example, the USAO
reserves the right that a three or four level upward adjustment under

1  U.S.S.G. § 3B1.1 (aggravated role) should be applied toward the
2  determination of defendant's total offense level.

3      13.   Defendant understands that there is no agreement as to
4  defendant's criminal history or criminal history category.

5      14.   Defendant and the USAO reserve the right to argue for a
6  sentence outside the sentencing range established by the Sentencing
7  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
8  (a)(2), (a)(3), (a)(6), and (a)(7).

9                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

10     15.   Defendant understands that by pleading guilty, defendant
11 gives up the following rights:

12          a.   The right to persist in a plea of not guilty.

13          b.   The right to a speedy and public trial by jury.

14          c.   The right to be represented by counsel -- and if
15 necessary have the court appoint counsel -- at trial.  Defendant
16 understands, however, that, defendant retains the right to be
17 represented by counsel -- and if necessary have the court appoint
18 counsel -- at every other stage of the proceeding.

19          d.   The right to be presumed innocent and to have the
20 burden of proof placed on the government to prove defendant guilty
21 beyond a reasonable doubt.

22          e.   The right to confront and cross-examine witnesses
23 against defendant.

24          f.   The right to testify and to present evidence in
25 opposition to the charges, including the right to compel the
26 attendance of witnesses to testify.

27

28

1           g.   The right not to be compelled to testify, and, if

2 defendant chose not to testify or present evidence, to have that

3 choice not be used against defendant.

4           h.   Any and all rights to pursue any affirmative defenses,

5 Fourth Amendment or Fifth Amendment claims, and other pretrial

6 motions that have been filed or could be filed.

7 WAIVER OF APPEAL OF CONVICTION

8   16.  Defendant understands that, with the exception of an appeal

9 based on a claim that defendant's guilty pleas were involuntary, by

10 pleading guilty defendant is waiving and giving up any right to

11 appeal defendant's convictions on the offenses to which defendant is

12 pleading guilty.  Defendant understands that this waiver includes,

13 but is not limited to, arguments that the statute to which defendant

14 is pleading guilty is unconstitutional, and any and all claims that

15 the statement of facts provided herein is insufficient to support

16 defendant's pleas of guilty.

17 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18   17.  Defendant agrees that, provided the Court imposes a total

19 term of imprisonment on all counts of conviction of no more than 30

20 months, defendant gives up the right to appeal all of the following:

21 (a) the procedures and calculations used to determine and impose any

22 portion of the sentence; (b) the term of imprisonment imposed by the

23 Court; (c) the fine imposed by the court, provided it is within the

24 statutory maximum; (d) the constitutionality or legality of

25 defendant's sentence, provided it is within the statutory maximum;

26 (e) the term of probation or supervised release imposed by the Court,

27 provided it is within the statutory maximum; and (f) any of the

28 following conditions of probation or supervised release imposed by

12

the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1

### EFFECTIVE DATE OF AGREEMENT

2    20.   This agreement is effective upon signature and execution of

3  all required certifications by defendant, defendant's counsel, and an

4  Assistant United States Attorney.

5

### BREACH OF AGREEMENT

6    21.   Defendant agrees that if defendant, at any time after the

7  signature of this agreement and execution of all required

8  certifications by defendant, defendant's counsel, and an Assistant

9  United States Attorney, knowingly violates or fails to perform any of

10  defendant's obligations under this agreement ("a breach"), the USAO

11  may declare this agreement breached.  All of defendant's obligations

12  are material, a single breach of this agreement is sufficient for the

13  USAO to declare a breach, and defendant shall not be deemed to have

14  cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds

16  such a breach to have occurred, then: (a) if defendant has previously

17  entered guilty pleas pursuant to this agreement, defendant will not

18  be able to withdraw the guilty pleas, and (b) the USAO will be

19  relieved of all its obligations under this agreement.

20    22.   Following the Court's finding of a knowing breach of this

21  agreement by defendant, should the USAO choose to pursue any charge

22  or any civil, administrative, or regulatory action that was either

23  dismissed or not filed as a result of this agreement, then:

24        a.   Defendant agrees that any applicable statute of

25  limitations is tolled between the date of defendant's signing of this

26  agreement and the filing commencing any such action.

27        b.   Defendant waives and gives up all defenses based on

28  the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this

case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.  The parties agree that this agreement will be considered

part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

          /s/

_____        _____
DENNIS MITCHELL                        June 10, 2021
ERIK M. SILBER
Assistant United States Attorneys

_____        _____
CHRISTOPHER JARAMILLO                  Date
Defendant

_____        _____
KATE CORRIGAN                          Date
Attorney for Defendant CHRISTOPHER
JARAMILLO

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

17

1  part of the record of defendant's guilty plea hearing as if the

2  entire agreement had been read into the record of the proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
5  CALIFORNIA

6  TRACY L. WILKISON
   Acting United States Attorney

7

8

9  DENNIS MITCHELL                               Date
   ERIK M. SILBER
10 Assistant United States Attorneys

11 CHRISTOPHER JARAMILLO                         Date   6/9/21
   Defendant

12

13 KATE CORRIGAN                                 Date   6/9/21
   Attorney for Defendant CHRISTOPHER
14 JARAMILLO

15

16              CERTIFICATION OF DEFENDANT

17       I have read this agreement in its entirety.  I have had enough

18 time to review and consider this agreement, and I have carefully and

19 thoroughly discussed every part of it with my attorney.  I understand

20 the terms of this agreement, and I voluntarily agree to those terms.

21 I have discussed the evidence with my attorney, and my attorney has

22 advised me of my rights, of possible pretrial motions that might be

23 filed, of possible defenses that might be asserted either prior to or

24 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25 of relevant Sentencing Guidelines provisions, and of the consequences

26 of entering into this agreement.  No promises, inducements, or

27 representations of any kind have been made to me other than those

28 contained in this agreement.  No one has threatened or forced me in

                              17

1   any way to enter into this agreement.  I am satisfied with the

2   representation of my attorney in this matter, and I am pleading

3   guilty because I am guilty of the charges and wish to take advantage

4   of the promises set forth in this agreement, and not for any other

5   reason.

6

7   CHRISTOPHER JARAMILLO       Date    6-9-21

    Defendant

8

9             CERTIFICATION OF DEFENDANT'S ATTORNEY

10      I am CHRISTOPHER JARAMILLO's attorney.  I have carefully and

11   thoroughly discussed every part of this agreement with my client.

12   Further, I have fully advised my client of his rights, of possible

13   pretrial motions that might be filed, of possible defenses that might

14   be asserted either prior to or at trial, of the sentencing factors

15   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

16   provisions, and of the consequences of entering into this agreement.

17   To my knowledge: no promises, inducements, or representations of any

18   kind have been made to my client other than those contained in this

19   agreement; no one has threatened or forced my client in any way to

20   enter into this agreement; my client's decision to enter into this

21   agreement is an informed and voluntary one; and the factual basis set

22   forth in this agreement is sufficient to support my client's entry of

23   guilty pleas pursuant to this agreement.

24

25   KATE CORRIGAN       Date    6|9|21

    Attorney for Defendant CHRISTOPHER

26   JARAMILLO

27

28

                          18